Filed 6/27/13  Landells v. Nance CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| JAMES L. LANDELLS, as Successor Trustee, etc.,<br>    Plaintiff, Cross-defendant and Respondent,<br><br>    v.<br><br>CINDY A. NANCE,<br>    Defendant, Cross-complainant and Appellant;<br><br>SCOTT J. STEVENS,<br>    Defendant, Cross-defendant and Respondent. | E054448<br><br>(Super.Ct.No. INC067512)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John G. Evans, Judge.

Affirmed.

Cindy A. Nance, in pro. per., for Defendant, Cross-complainant and Appellant.

Lewis Brisbois Bisgaard & Smith, Lawrence S. Rookhuyzen and Manuel U. Sarmiento for Plaintiff, Cross-defendant and Respondent.

No appearance for Defendant, Cross-defendant and Respondent Scott J. Stevens.

1

Cindy A. Nance, defendant, cross-complainant, and appellant (Nance), appeals from a stipulated judgment filed in a lawsuit brought against her by Elaine N. Landells, plaintiff, cross-defendant, and respondent and prosecuted by James L. Landells, as her successor in interest after Elaine Landells' death. (Hereafter collectively referred to as Landells). Nance raises numerous claims of error, all of which are directed at challenging the form and terms of the stipulated judgment.

Nance did not raise her claims in the trial court before the stipulated judgment was entered, nor did she thereafter seek correction of the judgment in the trial court. Her claims cannot be resolved by this court. Therefore, we will affirm the judgment. Landells' request for sanctions on appeal, which is included in the respondent's brief, is denied because the request does not comply with rule 8.276 of the California Rules of Court.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a dispute between adjoining landowners over property boundaries and easement rights. Landells initiated the action by filing a complaint on May 30, 2007, against Nance, and Scott J. Stevens, seeking among other things a declaration of her rights to ownership of an easement over their respective properties.[1]

---

[1] The complaint names Stevens both as an individual and in his representative capacity as the trustee of an inter vivos trust. Landells and Nance also later appear in representative capacities as trustees. For ease of discussion, because the parties' capacity is not relevant in this appeal, we will only refer to them individually and not in their representative capacity.

2

Nance, in turn, filed a cross-complaint against Landells and Stevens on April 28, 2008, seeking, among other things, damages for trespass[2] and to quiet title.

The parties eventually reached a settlement agreement, the terms of which they recited on the record during a hearing on December 7, 2009. As a result of that settlement, the trial court vacated the trial date set for January 19, 2010. The parties appeared in court again on May 4, 2010, after having had various disagreements about how to implement the settlement, in particular, over the nature and content of the documents necessary to revise the existing easements. The trial court scheduled a trial setting conference in July. When the parties appeared in court for that hearing, they again represented they had a settlement but that they still were unable to agree on the manner in which to implement it. For example, Nance wanted to rescind the existing easements over her property and grant new ones, whereas Landells wanted to amend the existing easements by quitclaiming a portion of them away. The trial court suggested the parties incorporate the settlement agreement into a stipulated judgment that would include a legal description of the easements. The parties agreed and, at their request, the trial court scheduled another hearing for several months in the future in order to give the parties time to work out the details.

At their next court appearance in November 2010, the parties apparently were still at odds over how to accomplish the objectives of the settlement. The trial court, on its

---

[2] Nance later filed an amended cross-complaint but we will not discuss that pleading or any of the other pleadings filed in the trial court because they are not relevant to the issues on appeal.

3

own motion, agreed to consider Landells' previously filed motion to enforce the settlement. To that end, the court set a briefing schedule for the parties and a hearing on that motion. In the interim, Nance filed bankruptcy. As a result, the bankruptcy stay was in effect when the parties appeared on January 14, 2011, at the hearing to enforce the settlement agreement. The trial court continued the hearing for 45 days so that Landells could seek relief from the bankruptcy automatic stay.

At the next hearing on March 25, 2011, Landells had obtained relief from the automatic stay and the parties again were proposing to enter into a stipulated judgment. The trial court offered to "fashion a judgment" for the parties based on the terms of the settlement agreement entered on the record at the hearing in December 2009. The parties agreed.

On June 24, 2011, the trial court conducted a hearing at which everyone reviewed the proposed stipulated judgment. The trial court considered each of the suggested changes and/or corrections proposed by the parties. At the conclusion of the hearing, the parties all agreed the stipulated judgment, and exhibits, accurately reflected the parties' settlement agreement.

On July 1, 2011, the trial court signed the stipulated judgment. The judgment was entered that day. Notice of entry of judgment was filed July 11, 2011. Nance, who represents herself in this appeal, purports to appeal from the stipulated judgment.

## DISCUSSION

As reflected in the introduction in her opening brief, Nance's complaints in this appeal are directed at the form and content of the stipulated judgment. According to Nance, her "appeal arises from errors in form and function in the Judgment on Stipulated Settlement prepared by the Superior Court." Although the headings to her various discussion sections suggest Nance seeks to enforce the settlement agreement, her actual objective is to correct purported errors in the stipulated judgment. Apparently, Nance is of the view that correcting the stipulated judgment is a form of enforcing the settlement agreement. Nance is incorrect.

Nance's opportunity to make corrections to and/or changes in the settlement agreement and resulting stipulated judgment occurred in the trial court. She should have either refused to enter into the stipulated judgment and settlement or, having entered into that agreement, she should have filed a motion in the trial court to correct any purported errors in the judgment on stipulated settlement. (See Code of Civ. Proc. § 473, subd. (d) ["The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order"].) Nance did neither.

The judgment on stipulated settlement expressly states that the trial court retains jurisdiction "for purposes of construction, modification and enforcement of this Judgment . . . ." Nance must seek recourse in the trial court for each of the claims she raises in this appeal. Moreover, even in the absence of the trial court expressly retaining

jurisdiction, we do not have jurisdiction to modify, correct, or enforce the stipulated settlement. Those are all trial court functions. Our function as an appellate court is to review trial court proceedings to determine whether errors of law occurred. (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 367, p. 425.) Nance has not demonstrated that she raised each issue in the trial court, and that the trial court either failed to address the issue or resolved it in a manner she contends is incorrect. Absent such a showing, Nance has not established any issues we may review on appeal.

Nance apparently is frustrated with the amount of time and effort she has expended on this matter in the trial court. She mistakenly believes she can achieve her desired result in this court, but she cannot. Each of the matters about which she complains must be raised and resolved in the trial court. We caution Nance that just because she thinks something is a problem or error does not necessarily mean she is correct. For example, she complains that the stipulated judgment does not "burden a living individual" because the caption on the notice of entry of judgment did not reflect that Elaine Landells died while this action was pending, and that her son, James, had been substituted as the successor trustee for the Elaine N. Landells inter vivos trust. Contrary to Nance's view, the title of the action does not necessarily change with the addition or substitution of parties. (See Code Civ. Proc., § 422.40 ["In the complaint, the title of the action shall include the names of all the parties; but, except as otherwise provided by statute or rule of the Judicial Council, in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties"].)

In short, and simply stated, we cannot modify the agreement in any manner or order the trial court to do so.  Nor can we direct the parties to perform the duties imposed on them by the judgment on stipulated settlement.  Nance must bring her complaints in the trial court.  If the trial court commits legal error in the course of addressing and resolving Nance's claims, she then might have an issue to pursue on appeal.  However, if the trial court considers Nance's claims and ultimately disagrees with her view of the facts, we are bound by the trial court's resolution of the factual issue, unless that determination is not supported by the evidence.  (See, e.g., *People v. Kraft* (2000) 23 Cal.4th 978, 1053.)  But all things being equal, the trial court, as the finder of fact, resolves factual disputes and we cannot substitute our view of the facts for that of the trial court.

## DISPOSITION

The judgment is affirmed.

Costs on appeal are awarded to Landells.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
Acting P.J.

We concur:


KING_____
                J.


CODRINGTON_____
                J.